**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KATY CRUZ,<br><br>    Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | Case No.:  1:21-cv-1248 JLT HBK<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT, AND AFFIRMING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY<br><br>(Docs. 16, 18, 20) |

Katy Cruz seeks judicial review of a final decision of the Commissioner of Social Security denying her application for supplemental security income.  (Doc. 1.)  Plaintiff asserts the administrative law judge erred by finding opinions from Bounmee Vang FNP-C were "not persuasive" and discounting the opinion of Dr. Pauline Bonilla, who performed a consultative mental examination.  (Doc. 16.)

**I.      Findings and Recommendations of the Magistrate Judge**

On February 1, 2023, the magistrate judge found "the ALJ properly considered medical opinion evidence."  (Doc. 20 at 12.)  As an initial matter, the magistrate judge observed the limitations that Plaintiff attributed to Ms. Vang were made by Dr. Atmajian.  (*Id.* at 7, n.2.) Regardless, the magistrate judge found it was "undisputed that the opinions of Ms. Vang and Dr. Atmajian do not include any supporting explanation; thus, it was reasonable for the ALJ to find

them was less persuasive." (*Id.* at 8.) The magistrate judge found treatment notes— to which Plaintiff directed the Court's attention—did "not provide any arguable explanation of the bases for the severe limitations assessed by Ms. Vang and Dr. Atmajian in the check-box opinion." (*Id.*) The magistrate judge concluded: "After viewing the ALJ's reasoning in light of the record as a whole, … the ALJ's finding that the opinions of Ms. Vang and Dr. Atmajian[] were not persuasive was supported by substantial evidence after proper consideration of the supportability and consistency factors." (*Id.* at 10.) Similarly, the magistrate judge found "the ALJ's conclusion that Dr. Bonilla's opinion was only partially persuasive was supported by substantial evidence after consideration of the supportability and consistency factors." (*Id.* at 12.) Thus, the magistrate judge recommended the Commissioner's decision be affirmed; Plaintiff's motion for summary judgment be denied; the Commissioner's cross-motion be granted; and the Clerk of Court be directed to enter judgment in favor of the Commissioner. (*Id.* at 12-13.)

## II.     Objections

Plaintiff filed objections to the Findings and Recommendations, asserting "[t]he Magistrate Judge's finding that the ALJ properly evaluated the opinions from FNP Vang/Dr. Atmajan and Dr. Bonilla should be rejected." (Doc. 21 at 2.) Plaintiff contends the magistrate judge "erroneously analyzes the objective findings where the ALJ did not, and this post-hoc attempt to shore-up the ALJ's decision should be rejected." (*Id.*) Plaintiff asserts the magistrate judge "weigh[ed] the objective findings for the ALJ, and [made] a determination that the objective findings observed by FNP Vang and Dr. Atmajan are insufficiently supportive of the opinion." (*Id.* at 3.) Plaintiff maintains the ALJ "cherry-picked reference[s] to the normal findings" to discount the limitations of Vang and Dr. Atmajan, and failed "to acknowledge and reconcile [the] analysis with the abnormal objective findings of record." (*Id.* at 4.) Plaintiff contends the ALJ also "simply cherry-picked the facts consistent with her conclusion and ignored the evidence that supported Dr. Bonilla's opinion, failing to explain her reconciliation of the conflicting findings." (*Id.* at 4.) In particular, Plaintiff contends the ALJ ignored her "impaired concentration," "dysphoric mood," and "inability to perform simple math calculations." (*Id.* at 5.)

### III. Discussion and Analysis

A district judge may "accept, reject or modify, in whole or in part, the findings and recommendations..." 28 U.S.C. § 636(b)(1). If objections are filed, "the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendations to which objection is made." *Id.* A de novo review requires the court to "consider[] the matter anew, as if no decision had been rendered." *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009).

#### A. Evaluating Medical Opinions[1]

The regulations direct ALJs to determine how persuasive a medical opinion is according to the following factors: supportability, consistency, relationship with the claimant, specialization, and other factors showing the medical source's "familiarity with … other evidence in the record or an understanding of [the] disability program's policies and evidentiary requirements." 20 C.F.R. §§ 416.920c(c)(1)-(5). An ALJ is only required to discuss supportability and consistency, which are the most important factors "when evaluating the persuasiveness of medical opinions." *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(a)); *see also* 20 C.F.R. § 416.920c(b)(2) ("we will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision. We may, but are not required to, explain how we considered the [remaining] factors in paragraphs (c)(3) through (c)(5) of this section…").

The supportability inquiry is an assessment of "the extent to which a medical source supports the medical opinion by explaining the relevant objective medical evidence." *Woods*, 32 F.4th at 791-792 (internal quotation marks omitted). The regulations provide:

> The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

---

[1] For applications filed on or after March 27, 2017, the Commissioner revised the rules for the evaluation of medical evidence at the administrative level. *See Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg 5844-01 (Jan. 18, 2017). Because Plaintiff filed her application on December 5, 2018 (Doc. 10-2 at 40), Plaintiff's claim is subject to the revised rules.

3

20 C.F.R. § 416.920c(c)(1). On the other hand, consistency compares an opinion with other evidence to determine its persuasiveness. *See Woods*, 32 F.4th at 792. With the "consistency" factor, the regulations explain:

> The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c)(2). The Ninth Circuit observed that an ALJ must explain how both the supportability and consistency factors were considered, and "[e]ven under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

**B.     Opinions from Ms. Vang and Dr. Atmajian**

The ALJ observed that Bounmee Vang, FNPC and Timothy Atmajian, M.D., opined Plaintiff "could lift and carry 10 pounds occasionally, sit for two to four hours total, and stand and/or walk for two to four hours total in a workday;" could never stoop;" and she "could occasionally climb, balance, kneel, crouch, crawl, and reach." (Doc. 10-2 at 48; *see also id.* at 454-457.) The ALJ found these opinions were "not persuasive." (*Id.*) In support of this conclusion the ALJ stated: "These opinions are not supported by citation to any objective medical evidence. Moreover, these opinions are inconsistent with the objective medical evidence in the record, including observations of normal dorsolumbar range of motion, full strength in the claimant's extremities, normal gait, and negative straight leg raise testing." (*Id.*, citing Exh. 8F; 14F/3; 13F/5; 15F/3, 68 [Doc. 10-2 at 534-539, 566, 570, 657, 722].)

By finding that Ms. Vang and Dr. Atmajian did not include "citation to any objective medical evidence," the ALJ properly evaluated the supportability factor. Under the new regulations, the supportability inquiry is "geared toward assessing how well a medical source supported and explained" his or her opinion. *Cuevas v. Comm'r of Soc. Sec.*, 2021 WL 363682 at *10 (S.D.N.Y. Jan. 29, 2021). As the magistrate judge observed, it was *undisputed* that the form completed by Ms. Vang and Dr. Atmajian does not "include any supporting explanation." (Doc. 20 at 8, citing Doc. 16 at 12 [Plaintiff's opening brief, observing "Vang did not offer a supporting

4

explanation"].)  The lack of explanation by Ms. Vang and Dr. Atmajian, supports the ALJ's conclusion that the opinion is not persuasive. *See* 20 C.F.R. § 416.920c(c)(1).

Furthermore, the ALJ identified objective findings that undermined the limitations identified by Ms. Vang and Dr Atmajian, including range of motion, strength, gait, and negative straight leg raising. (Doc. 10-2 at 48.)  Although Plaintiff contends the ALJ "cherry-picked" objective findings to support her decision, the ALJ summarized the medical record and identified abnormal objective medical evidence in the record also indicated Plaintiff exhibited tenderness, pain with palpation, and some pain with range of motion.  (*See id.* at 45, 47.)  Thus, the ALJ did not ignore other evidence in the record.  *See* 42 U.S.C. § 423(d)(5)(B) (requiring an ALJ base the decision on "all the evidence available in the [record]"); *see also Lamb v. Kijakazii,* 2022 WL 3908308, at *6 (E.D. Cal. Aug. 29, 2022) (rejecting an argument that the ALJ cherry-picked the evidence where a review of the decision showed that the ALJ discussed "normal and abnormal… examination findings alike")  Because the ALJ discussed both normal and abnormal findings— and identified objective records that were inconsistent with the limitations identified by Ms. Vang and Dr. Atmajian—the consistency factor supports the ALJ's conclusion that the opinion is not persuasive.  *See* 20 C.F.R. § 416.920c(c)(2).

**B.     Opinion from Dr. Bonilla**

Dr. Pauline Bonilla performed a consultative mental examination of Plaintiff, and the ALJ summarized her findings as follows:

> According to Dr. Bonilla, the claimant's ability to perform simple and repetitive tasks is mildly impaired and her ability to perform detailed and complex tasks is moderately impaired. Additionally, Dr. Bonilla determined the claimant's ability to accept instructions from supervisors is mildly impaired and her ability to interact with coworkers and the public is moderately impaired. She determined the claimant's ability to sustain an ordinary routine without special supervision and her ability to maintain regular attendance in the workplace are mildly impaired. Dr. Bonilla opined the claimant's ability to complete a normal workday/workweek without interruptions from a psychiatric condition is moderately impaired. Moreover, she indicated the claimant's ability to deal with stress and changes encountered in the workplace is moderately impaired. She reported that the likelihood of the claimant emotionally deteriorating in a work environment is moderate.

(Doc. 10-2 at 48.)  The ALJ found these opinions were "partially persuasive," explaining:

5

> While the undersigned finds the claimant has moderate limitations in interacting with others and in concentrating, persisting, and maintaining pace, Dr. Bonilla's opinions are vague as she did not provide an opinion regarding the claimant's specific work-related limitations. Further, Dr. Bonilla's opinions regarding the claimant's ability to deal with stress and changes encountered in the workplace and to complete a normal workday/workweek without interruptions from a psychiatric condition are overly restrictive and inconsistent with Dr. Bonilla's observations during the consultative examination. Specifically, Dr. Bonilla observed the claimant to have normal insight, judgment, and concentration. She also observed the claimant to have appropriate thought process and the claimant denied suicidal ideation (Exhibit 5F). This portion of the opinion is also inconsistent with the normal findings on mental status examinations, including that she had good insight, unimpaired judgment, and coherent, relevant, and logical thought process. The claimant was also in no acute distress and had normal behavior (Exhibits 7F/27; 8F; 15F/3, 69, 83, 114).

(*Id.* at 48-49.) As the magistrate judge found, the ALJ properly explained how both the supportability and consistency factors were considered according to the new regulations. The findings related to the vagueness of the opinion relate to the supportability of the medical opinion from Dr. Bonilla. *See Bissmeyer v. Kijakazi,* 2023 WL 1099161, at *7 (E.D. Cal. Jan. 30, 2023) ("As to apparent supportability, the ALJ also found Dr. Serra's sitting limitation 'somewhat vague' because Dr. Serra did not specify whether Plaintiff was limited to sitting up to four hours at one time or four hours total in an eight-hour workday"); *see also Ramirez v. Comm'r of Soc. Sec. Admin.*, 2022 WL 3443677 at *7, (D. Ariz. Aug. 17, 2022) (ALJ addressed supportability of medical opinion by noting the provider relied on vague terms to describe the degree of Plaintiff's limitations); *Roxane D. v. Kijakazi*, 2023 WL 2838121, at *3 (D. Minn. Feb. 13, 2023) ("though the ALJ did not use the word supportability, his decision to disregard the opinion for vagueness necessarily evaluates supportability").

Contrary to Plaintiff's assertion, the ALJ did not ignore all abnormal examination findings from Dr. Bonilla but noted that Plaintiff presented with a dysphoric mood at the consultative examination. (*See* Doc. 10-2 at 46.) Despite Plaintiff's mood, Dr. Bonilla determined Plaintiff "had appropriate thought content," "was able to recall three out of three objects after five minutes," and her "concentration was within normal limits and her remote memory appeared intact."[2] (*Id.*) The ALJ found the "moderate[]" impairments that Dr. Bonilla identified were

---

[2] Contrary to Plaintiff's assertion, the findings from Dr. Bonilla do not indicate that Plaintiff had "impaired

6

inconsistent with the other normal findings— including those made by Dr. Bonilla and other evidence in the record—regarding Plaintiff's insight, judgment, thought process, and behavior.[3] (*Id.* at 49.)  Given the identified inconsistencies between Dr. Bonilla's opinion and objective findings in the record, the ALJ properly performed the consistency analysis in explaining why the opinion was only "partially persuasive."  *See* 20 C.F.R. § 416.920c(c)(2).

## IV. Conclusion and Order

Pursuant to 28 U.S.C. § 636 (b)(1)(c), this Court conducted a de novo review of the case. Having carefully reviewed the entire matter, including Plaintiff's objections, the Court finds the Findings and Recommendations are supported by the record and proper analysis.  Because ALJ applied the proper legal standards, and the decision was supported by substantial evidence in the record, the administrative decision is affirmed.  *See Sanchez v. Sec'y of Health & Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987); *see also Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) ("The trier of fact and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ"). Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations issued on February 1, 2023 (Doc. 20) are **ADOPTED** in full.
2. Plaintiff's Motion for Summary Judgment (Doc. 16) is **DENIED**.
3. Defendant's Cross-Motion for Summary Judgment (Doc. 18) is **GRANTED**, and the decision of the Commissioner of Social Security is **AFFIRMED**.
4. The Clerk of Court is directed to terminate any pending motions and deadlines;

---

concentration for serial 3's."  (Doc. 21 at 5.)  Rather, Dr. Bonilla explicitly opined Plaintiff's "concentration was *within normal limits*."  (Doc. 10-2 at 461, emphasis added.)  Although Plaintiff did exhibit "some difficulty" with the math calculations she was asked to perform, there is nothing in the cited medical report to support a conclusion that Dr. Bonilla believed the math difficulties resulted from impaired concentration.  (*See id.*)

[3] The ALJ did not address Plaintiff's inability to calculate "serials threes" at the consultative examination.  (*See* Doc. 21 at 5.)  Despite finding Plaintiff "had some difficulty performing simple mathematical calculations and serial 3s," Dr. Bonilla concluded Plaintiff's concentration was normal and Plaintiff was only "mildly impaired" with the "ability to perform simple and repetitive tasks."  (Doc. 10-2 at 461, 462.)  Ultimately, the ALJ determined in the residual functional capacity that Plaintiff was able to perform "simple, routine, repetitive work" (*id.* at 44), which is clearly consistent with the opinion of Dr. Bonilla given after the examination.  Consequently, any error by omitting reference to Plaintiff's ability to perform serial 3s was harmless.  *See Monila v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012) (errors are harmless if they are "inconsequential to the ultimate nondisability determination").

7

enter judgment in favor of defendant Kilolo Kijakazi, Acting Commissioner of Social Security, and against Plaintiff Katy Cruz; and to close this case.

IT IS SO ORDERED.

Dated:   **June 20, 2023**

_/s/ Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE